No. A-CV-12-83

COURT OF APPEALS OF THE NAVAJO NATION

November 17, 1983

Michael Thomas HEREDIA, Appellant,

vs.

Ruth Ann Tracey HEREDIA, Appellee.

Appeal heard August 24, 1983 before Chief Justice Nelson J. McCabe and Associate Justices Robert B. Walters and Harry D. Brown.

Benjamin Curley, Esq., of Window Rock, Navajo Nation (Arizona) for Appellant and Robert Ericson, Esq., of St. Michaels, Navajo Nation (Arizona) for Appellee.

BACKGROUND OF THE FACTS

The case at bar presents to the Court of Appeals for the Navajo Nation a situation that has grown from a divorce action with stipulated judgment to a question involving Navajo Nation jurisdiction and sovereignty over a domestic matter. The essential facts as observed by the Court is that the above-captioned parties had initially filed and cross-filed for a dissolution of marriage during June, 1982. Subsequent to this action, the parties through the signatures of their respective counsel, entered into a stipulated judgment which outlined the terms and conditions of their marital dissolution. Each and every one of these procedural actions was conducted within the Courts of the Navajo Nation and at no time were there any collateral actions brought in our sister courts. Defendant Heredia has employed several legal counsel in his attempt to both contest Navajo Nation jurisdiction and to have the legality of the stipulated judgment overturned because of alleged noncompliance between himself and his retained counsel. The Court of Appeals also takes notice of the several orders entered into by the Window Rock District Court regarding this matter and finds that such orders were proper and in compliance with Navajo law and Rules of Procedure. In addition, Mr. Heredia brought this matter to the Federal District Court (District of New Mexico) Civ. No. 83-0034 P, wherein the District Court dismissed the action for lack of personal and subject matter jurisdiction. Most recently, Mr. Heredia has filed an action within the 11th Judicial District Court, McKinley County, State of New Mexico, CV-83-308 requesting a temporary restraining order against the Pittsburgh and Midway Coal Mining Company from garnishing his employee wages. The District Court has entered such restraining order against the garnishee effective November 1, 1983 with an Order to Show Cause

at the court for November 23, 1983. Such state action presents a jurisdictional contradiction to a cause of action which is exclusively within the jurisdiction of the Navajo Nation because of the nature of this domestic matter and further due to the petitioner and minor child residing within the exterior boundaries of the Navajo Nation. Moreover, Mr. Heredia has long submitted to the jurisdiction of the Courts of the Navajo Nation by his filing of all necessary and pertinent documents growing out of this domestic controversy. Finally, the United States District Court upheld such analysis when dismissing defendant's attempt to seek federal jurisdiction over a Navajo Court matter.

The issue presented includes the propriety of the stipulated judgment as entered by Order of August 25, 1982, the question as to whether garnishment of the defendant's wages were proper in light of 7 N.T.C. Sec. 255 and related Court of Appeals decisions, and if such garnishment should be continued in light of the possibility that such arrearages have been satisfied.

On November 9, 1982, the Window Rock District Court entered an order reflecting both an Order to Show Cause as to why defendant should or should not be held liable for child support and the stipulated alimony decree and to hear a pro se motion by defendant to modify and vacate the stipulated judgment entered on August 25, 1982. Defendant did not attend such hearing but instead filed a letter to the court which was interpreted by the Window Rock District Court as an answer to the show cause hearing. However, through his absence to defend and prosecute such modification motion, the court found that the defendant did not meet his burden of proof in the matter and found for the petitioner. On November 9, 1982, the district court issued a wage garnishment directing the Pittsburgh and Midway Coal Mining Company to garnish the defendant's wages in the amount of $400.00 per pay period. On December 19, 1982, the defendant filed in the district court a motion to quash the garnishment pleadings to such motion and the matter was finally heard by the Window Rock District Court on April 18, 1983. An order was issued reciting the procedural facts and findings regarding the garnishment matter, the pro se filing by the defendant, and the powers of the Courts of the Navajo Nation to order garnishment for child support. On May 18, 1983 a Notice of Appeal was filed in this Court which is now the subject matter for this review. The Court of Appeals in examining the Order of the Wndow Rock District Court of April 18, 1983 hereby finds no irregularities and affirms such order as entered. On August 29, 1983 the Court of Appeals and the Window Rock District Court received a letter from petitioner's counsel which essentially stated that defendant may have in fact satisfied the garnishment order entered by the district court on November 9, 1982. Petitioner's letter indicated that Mr. Heredia has paid approximately $7,200 since December 15, 1982 when the garnishment order went into effect. Moreover, petitioner's request for a hearing to determine whether the writ should be discharged is now before this Court and should be set for such determination accordingly. Moreover, the Court has been informed by the Navajo Department of Public Safety located in Window Rock that a certain half-ton pickup truck which was awarded to petitioner has been removed from such containment. Therefore, in light of such information before the Court and because of further information regarding the status of outstanding unliquidated community debts and respective properties, the Court as part of this Order remands to the

Window Rock District Court requiring a finding as to the financial and property interests of the parties.

## II. WAGE GARNISHMENT AS A REMEDY FOR CHILD SUPPORT

The issue of wage garnishment for child support as a judicial remedy has been debated before the Court of Appeals and before the lower courts. Navajo Tribal Utility Authority v. Foster, 3 Navajo Law Journal 1099-1108, (September 30, 1983); Foster v. Lee, 3 Nav. R. 203 (1982) and In the Matter of Tsosie, 3 Nav.R. 182 (1981). The Court has determined that such remedy, while an integral part of such equitable relief available for such non-support in child support matters, is an acceptable remedy to combat situations where a sole parent and minor child are entitled to such financial assistance by the garnished parent. However, past Court of Appeals decisions have utilized the language of 7 N.T.C. Sec. 255 "all writs" statute coupled with 7 N.T.C. Sec. 701(a) "remedy to the injured party" in upholding the remedy of wage garnishment in child support matters. In examining such analysis, no mention has been brought forward to examine the very explicit and enabling language as found in 9 N.T.C. Sec. 1303. A clear and specific mention of enforcement for such debts as child support to be held by the employer for the indebted parent is found within the text of the 9 N.T.C. Sec. 1303:

> "An order entered under 9 N.T.C. Sec. 1301 against the parent may be enforced by contempt proceedings, and shall also have the effect of a judgment at law. In addition to other remedies, the court may issue an order to any employer, trustee, financial agency, or other person within the territorial jurisdiction of the Tribe, indebted to the parent to withhold and to pay over to the clerk of court, moneys due or to become due.
> No property of the parents or either of them, shall be exempt from execution to enforce collection of the amounts ordered to be paid by court under this section." (Emphasis added).

It is hard for the Court to find anything but the obvious in the above statutory scheme which allows such equitable relief as wage garnishment in the Courts of the Navajo Nation. Moreover, the second part of Sec. 1303 indicates that there are in fact no exemptions to the power of such equitable relief. Thus, in an action predicted upon a wage garnishment, it is stated in the plain language of the statute that neither parent can claim the normal statutory exemptions attributable to garnishment actions before the Navajo Courts on a child support action. Thus, we hold as a matter of law and statutory interpretation that the enabling language of 7 N.T.C. Sec. 255 and 9 N.T.C Sec. 1303 enable the District Courts of the Courts of the Navajo Nation to order wage garnishment to any employer, trustee, financial agency or other person within the territorial jurisdiction of the Tribe for child support. Such garnishment action must be first proven and substantiated at the Order to Show Cause hearing which is but one of many due process protections to be afforded all the necessary parties to such action. There is a very

urgent and serious need for the Navajo Judicial Conference to meet and develop further rules and format for such court and financial procedure and the Court hereby makes such recommendation for future implementation.

The Court would like to take this opportunity to review and modify in part the holding of Navajo Tribal Utility Authority v. Foster, 3 Navajo Law Journal, 1099-1108 (September 30, 1983). In this decision, the issue of wage garnishment for child support was upheld as an equitable remedy for enforcing child support orders. In our holding, we stated:

> "As a matter of practical guidance to the trial courts, the procedures sanctioned by this Court today are:
>
> 1. The issuance of a writ of garnishment requiring a third party holding sums payable to the judgment debtor to appear in court to state whether and in what monies are owed to the debtor for the purposes of the entry of an order against the third party to pay the money over;
>
> 2. Applications to the Court to issue a writ of execution upon the wages of judgment debtor, which will be served by the Navajo Police by making an inquiry of the employer as to employment and wages owing, and receiving those sums permitted by Federal law." (Emphasis added).

In re-examining such language as "judgment debtor", the Court finds that such language is too broad and is now modified to only be actionable for a judgment debtor who is a party entitled to child support. The Courts of the Navajo Nation are not going to allow such equitable remedy as wage garnishment for other than child support enforcement. If such actions as execution on property, 7 N.T.C. Sec. 701 et. seq. is not sufficient for the civil judgment creditor to act on a debt due and owing, then subsequent executions may be the only alternative until the Navajo Tribal Council sees to enact the requisite legislation for such equitable relief as wage garnishment for judgment creditors. However, in the findings and ruling as recited herein, the Courts of the Navajo Nation are within their statutory authorization to enforce and honor such requests for wage garnishment growing out of an order for child support. Thus, this modification of the ruling of Navajo Tribal Utility Autority v. Foster is only to clarify who is in fact entitled to such relief and who has standing to bring such actions before the Courts of the Navajo Nation. In addition, in Navajo Tribal Utility Authority v. Foster this Court recognized the due process claims that were presented by Navajo Tribal Utility Authority regarding the procedural safeguards to be afforded the garnishee-employer. In that decision we stated,

> "...In the case of wage executions, we hold that it is sufficient if there is an opportunity to be heard. In other words, if there is a writ of

execution which the employer cannot comply with or which would place the employer in jeopardy of running afoul of some regulatory scheme, then the employer will have the right to object or pay over clearly permissible amounts. It will be sufficient for the employer to advise the Navajo Police for the purposes of return to the court by the police or for the employer to file an objection with the court and have an opportunity to be heard in that fashion. Attempts to circumvent valid orders which can be paid legally will be dealt with severely as disobedience to a lawful court order." 3 Navajo Law Journal at 1107.

Therefore, in light of the above holding and further consistent with the findings herein, such due process considerations are mandated to all parties in a wage garnishment action and will be followed by the Courts of the Navajo Nation forthwith.

## III.

In light of the holdings found within this decision, the Court now wishes to examine the wage garnishment procedures that transpired in the instant case. The District Court order that was entered on November 9, 1982 ordered garnishment of wages of the defendant for "...child support, alimony, certain debts and the petitioner's costs and attorneys fees." The Court has reviewed such order and finds that the Order entered was somewhat vague as to the exact wage schedule for the garnishment and for the specific particulars attributable to the "certain debts, alimony and attorneys fees." Even a liberal reading would find that such order could run for a period of indefinite perpetuity casting a cloud over the enforceable time limit. Because wage garnishment is of first impression for the Courts of the Navajo Nation, the Court finds that such order issued is in fact valid based on the existing obligation owed to the petitioner by the respondent in the form of child support. Moreover, the Court herein directs that all future garnishment orders issued by the District Courts of the Navajo Nation specify in reasonable certainty the schedule of wages to be garnished, the amount or sum certain and the duration of such equitable attachment. In addition, such due process procedures must be maintained in order to guarantee all the parties before the court the opportunity to have a hearing and contest the garnishment due to jurisdiction, termination of employment, satisfaction of debt, etc. With the implementation of such procedures created by the Judges of the Courts of the Navajo Nation, such procedural safeguards can be adopted to assist indebted parent(s) and for the garnishee-employer the protection to be afforded under the due process clauses of the Indian Civil Rights Act, 25 U.S.C. 1301 et. seq. and the Navajo Bill of Rights, 1 N.T.C. Sec. 1 et. seq.

The instant case presents the fact situation wherein defendant has apparently paid, through his garnished wages, the outstanding arrearage that was due and owing petitioner and minor child. Because of such

event and further due to the information presented to the Court by petitioner's attorney of the letter of August 29, 1983 the Court hereby finds that the Writ of Garnishment ordered by the Window Rock District Court on November 9, 1982 be hereby discharged and an immediate hearing be scheduled to settle any further outstanding claims that the parties may proffer. In such rehearing on these unliquidated claims, the Court hereby requests the following information be presented:

1. Any and all outstanding unliquidated debts that the parties have due and owing to the other party;

2. The status of any community property which was the basis of the Stipulated Judgment be finally disposed of, or, in the alternative, any property that has been disposed of prior to transfer between the parties be indicated as a source of traceable proceeds that one party may owe the other, to wit: the 1979 GMC pick-up truck;

3. Determine the status of the attorney fees as requested by petitioner in light of the Stipulated Judgment, Clause 14, wherein the parties agreed to bear their own costs and attorney fees;

4. Any and all other facts relevant to the debts and obligations of the parties.

## IV.

Because of the procedural components encompassing this case and further due to the fact that a minor child is involved in the ultimate outcome of this action, the Court hereby enters the following orders:

1. IT IS HEREBY ORDERED that the Order of Wage Garnishment entered by the Window Rock District Court on November 9, 1982 be and hereby is DISCHARGED;

2. IT IS HEREBY ORDERED that the issues of unliquidated debts arising from this divorce action be remanded back to the Window Rock District Court for findings of fact consistent with the information required as stated in this Order;

3. IT IS FURTHER HEREBY ORDERED that the issue of attorney fees be heard and a findings be entered by the Window Rock District Court as to the costs attributable to the parties if so found;

4. IT IS RECOMMENDED most urgently to the Navajo Nation Judicial Conference to formulate Rules of Court and forms associated with such procedures regarding the uniform and consistent implementation of wage garnishment for child support within the Courts of the Navajo Nation.

SO ORDERED.